IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03274-NYW-CYC

DAVID LINDENBAUM, an individual, and
OATMEAL DRAGON LLC, a South Dakota limited liability company,

    Plaintiffs,

v.

ARIELE MYERS, an individual;
KALE INOUE, an individual;
KOTM, LLC, a Colorado limited liability company; and
MOON MOTHER INVESTMENTS, LLC, a Colorado limited liability company,

    Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge**.

The defendants request a stay of discovery pending resolution of the defendants' pending motions to dismiss. ECF Nos. 32 & 33. For the reasons that follow, the motion is **GRANTED**.

## BACKGROUND

The plaintiffs' amended complaint, filed on February 10, 2025, seeks recovery under theories of breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of contract, fraudulent concealment, and civil conspiracy. ECF No. 27 ¶¶ 58-92. In short, the plaintiffs allege that various defendants improperly managed TTH, LLC. In their motion to dismiss, defendants Ariele Myers and Moon Mother Investments, LLC argue that TTH, LLC is an indispensable party and, if joined, would destroy the diversity jurisdiction on which this case is based. ECF No. 32 at 3-9. In their motion to dismiss, defendants Kale Inoue and KOTM, LLC argue that the breach of fiduciary duty, fraudulent concealment, and civil conspiracy claims

should be dismissed for failure to state a claim. *See generally* ECF No. 33. They also allege that the plaintiffs lack standing to bring these claims. *Id.* at 7-9. The defendants request that this case be stayed until the Court rules on the pending motions to dismiss. *See generally* ECF No. 29.

## **DISCUSSION**

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. However, Rule 26(c) permits the Court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c), and Rule 1 instructs that the rules of procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Moreover, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). An order staying discovery is thus an appropriate exercise of this Court's discretion. *Id.* at 254-55.

In evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006).[1] "[S]tays of the normal proceedings of a court matter should be the exception rather than the rule and courts in this District generally disfavor stays."

---

[1] In certain circumstances, the Court will also consider "whether the defendants are likely to prevail in the related proceeding." *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003)

2

*Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2029) (quotations marks omitted). Further, "a stay is not warranted merely because Defendants filed [ ] Motion[s] to Dismiss that they believe [are] dispositive of this entire matter." *Id*. However, "a court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2040 (3d ed. 2024); *see, e.g., Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *3 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties.").

Considering the factors, the Court concludes that a stay is warranted.

First, with regard to the potential prejudice to the plaintiffs of a delay and the plaintiffs' interests in proceeding expeditiously, the plaintiffs argue that a delay in proceeding with discovery may result in a decrease in evidentiary quality and witness availability. ECF No. 36 at 4. They also maintain that any delay in collecting on a judgment in this case will result in lost investment opportunities. *Id*. The plaintiffs have an interest in proceeding expeditiously, and a stay could potentially prejudice them, though the prejudice they claim is similar for any plaintiff seeking monetary damages. In all events, this factor weighs against a stay.

The defendants argue that they will be unfairly burdened if they are forced to engage in discovery when they believe their motions to dismiss are meritorious and will result in this case being dismissed for lack of jurisdiction. ECF No. 29 at 5; ECF No. 39 at 3-6. The plaintiffs maintain that engaging in discovery in this Court is no burden on the defendants because the parties would be engaging in the same discovery in any refiled state-court case. ECF No. 36 at 5. Regardless of the merits of the motions to dismiss, *see Church Mut. Ins. Co. v. Coutu*, No. 17-cv-

3

00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017) ("[N]o element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case."), engaging in discovery here could result in the application of inconsistent discovery rules and rulings. ECF No. 39 at 4-6. The Federal Rules of Civil Procedure govern discovery here. But if TTH, LLC must be joined, the differing discovery rules and standards of state court would apply. Given "the obvious dangers and inefficiencies of possible inconsistent rulings by a state and a federal court," *Hawg Tools, LLC v. Newsco Int'l Energy Servs., Inc.*, No. 14-cv-03011-REB-MJW, 2015 WL 1087051, at *2 (D. Colo. Mar. 9, 2015), engaging in discovery at this point would unfairly burden the defendants and run against the interest of the Court and the public. In addition, a stay would serve the Court and the public interest by avoiding the unnecessary expenditure of the Court's time and resources while two motions are pending that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[N]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (quoting *Dem. Rep. Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007)). While alone, the potential for a motion to dispose of a case would not be sufficient for a discovery stay, there is more than that here.

Finally, regarding the interest of third parties, TTH, LLC, the company who the plaintiffs allege was mismanaged, has an interest in the resolution of whether it is a required party before discovery proceeds regarding its management. If TTH, LLC is not a required party, it could be subject to discovery requests from the parties and has an interest in the issues to which it must respond being as limited as possible. If TTH, LLC is a required party and this case is refiled in

4

state court with the company joined, it would have the ability to seek discovery regarding the alleged mismanagement. TTH, LLC's interest, therefore, favors a stay.

A balance of these factors favors a stay. *See Wyers Prods. Grp. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2013 WL 2466917, at *3 (D. Colo. June 7, 2013) (noting that a plaintiff's "interest in proceeding expeditiously" can be "overcome by the burden" of "proceed[ing] with discovery only to have the case dismissed for lack of subject matter jurisdiction"). Therefore, good cause exists to impose a stay of discovery in this case until the Court rules on the pending motions to dismiss, ECF Nos. 32 & 33.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Defendants' Joint Motion to Stay Discovery, ECF No. 29, is **GRANTED**.

It is further ORDERED that this matter is **STAYED** pending further order of the Court.

It is further ORDERED that the defendants shall file a motion asking the Court to set a Scheduling Conference within **seven days** of the Court's ruling on whichever of the pending motions to dismiss is ruled on last, if any portion of the plaintiffs' claims survive the motions to dismiss.

Entered and dated this 4th day of April, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

5